UNITED STATES BANKRUPTCY COURT
Eastern District of Louisiana

IN RE: **James T. Gregory**
**Dietrich Gregory**

CASE NO. **13-12747**
CHAPTER 13
Section _____

Debtor's Counsel: **Phillip D. Rubins 17779**

CHAPTER 13 PLAN

☐ Original   ☐ Amended Plan filed: ____   ☒ Modified Plan filed: **3rd**

1. Payment and length of plan: The future earnings and other future income of the Debtor is submitted to the supervision and control of Trustee. The Debtor shall pay **$1,216.07 per month for 4 months, then $1,378.08 per month for 3 months, then $1,501.54 per month for 5 months, then $488.03 per month for 48 months** beginning one month after the petition date, such that the first payment will be due on the same day of the month as the day the petition was filed but for the month following the filing and continuing monthly thereafter for **60** months.

   Other payments to Trustee: Debtor shall file both Federal and State Income tax returns timely. Debtor shall provide a copy of same to Trustee immediately after filing. All Federal and State Income Tax Refunds due for all years during this plan's effect are disposable income and will be turned over to Trustee as an additional distribution to creditors. Debtor is allowed to retain the Earned Income Credit (EIC) portion of any refund.

   The nonexempt proceeds of any lawsuit or unliquidated claim held by Debtor as of the date of filing or accruing during the term of this plan must be turned over to Trustee and shall constitute an additional distribution to creditors.

   The proceeds of any refinancing or the sale of nonexempt property owned by Debtor or acquired during the term of this plan must be turned over to Trustee for administration and after approval and order of the Court.

2. Disposable Income: Debtor is ☒ above the means ☐ below the means
   Debtor's disposable income as reflected on Schedule B22C, after adjustment as set forth on the reconciliation report filed with this plan, is **$-350.32** per month. (If the plan proposes to pay less than the amounts set forth on Schedule B22C as adjusted, please file a statement of explanation as to why.)

   Debtor alleges that present disposable income as reflected on Schedule J is **$511.45** (after adjustment for any expenses payable through Trustee or for surrendered property). In addition, this plan will be funded by contributions of $____ per month from ____.

3. Liquidation analysis: The present value of property available to pay nonpriority, unsecured creditor interests should a liquidation be ordered is **$0.00**. (Attach completed liquidation analysis). The future value of this sum over the life of the plan is $____ assuming an interest rate of ____%.

4. From the payments received under the plan Trustee shall make disbursements as follows:
a. Payment of administrative expenses until satisfied in full:
   (1) Filing Fee (unpaid portion): **$0.00**
   (2) Trustee's fee: **7.00%** (paid as accrued)
   (3) Attorney's Fee (unpaid portion) ***$1,981.00** *Includes $350.00 for Motion to Modify
      Attorney's fees within the guidelines of this Court's General Order will be deemed approved by the Court unless Objection is filed at the time of confirmation. Any additional fees claimed are subject to application and approval of the Court.
   (4) Adequate protection payments of **$50.00/mo. 1st 4 mos. - Springleaf Financial**

b. Secured Claims shall be paid after the satisfaction of payments under paragraphs 4(a). Payments to claimants in classes 4(b) shall be paid as follows: (Please see General Provisions Secured Claimants)
   (1) Secured claims which will not extend beyond the length of the plan. The entire balance of the following claims will be paid:

| Names/Description of collateral | Secured Claim | Monthly payment / Dates of payment | Int. rate | Total Payments |
|---|---|---|---|---|
| Canopy Construction<br>Residence<br>2624 Oakmere Dr.<br>Harvey, LA 70058 | 9,719.50 | Pro Rata | Included | 11,000.00 |

| Names/Description of collateral | Secured Claim | Monthly payment / Dates of payment | Int. rate | Total Payments |
|---|---|---|---|---|
| Springleaf Financial<br>2006 GMC Hummer | 3,914.71 | 50/mo. 1st 4 mos.<br>341.73/mo. next 17 mos. | 5.00% | 5,000.00 |

(2) Secured claims which will extend beyond the length of the plan:
    (a) Installment payments maturing postpetition on the following claims will be paid to the claimant directly. As a result, no payments on maturing postpetition installments will be made from funds payable to Trustee. Prepetition arrearages, if any, are satisfied under the provisions of 4(b)(2)(b). The claimant's allowed security interest and claim for amounts maturing postpetition, may be affected by the Federal Rules of Bankruptcy Procedure, any order of this court and the General Provisions of this plan.

| Names/Description of collateral | Monthly payment |
|---|---|
| AMS Servicing, LLC  *Balance $135,000.00<br>Residence<br>2624 Oakmere Dr.<br>Harvey, LA 70058 | 1,152.39 |
| BAC Home Loan Servicing  *Balance $131,915.69<br>Rental property<br>2417 Illinois St.<br>Kenner, LA 70062 | 1,292.00 |

    (b) Defaults to be Cured on Claims Secured by Property of the Estate:
The following amounts will be paid to fully cure any defaults existing on the petition date on the claims listed below. On completion of the plan, any amount in addition to that set forth below and owed to cure the prepetition default of Debtor will be discharged and the Debtor will be released from any further obligation *in personam* or *in rem* with regard to the amounts necessary to cure. The amounts to cure will be secured by the collateral described below during the term of this plan. On completion of the plan, the following claims shall be deemed in good standing and current as of the petition date. The security interest of the claimant shall survive discharge but only to secure those amounts maturing after the petition date. The amounts owed and secured in favor of the claimant postpetition may be affected by the Federal Rules of Bankruptcy Procedure, any order of the court, and the General Provisions of this plan.

| Names/Description of collateral | Allowed Amt | Dates of payment | Int. rate | Total Payments |
|---|---|---|---|---|
| AMS Servicing, LLC<br>Residence<br>2624 Oakmere Dr.<br>Harvey, LA 70058 | *6,005.00<br>*Arrears paid<br>prior to loan<br>modification. | Pro Rata | Included | 6,005.00 |
| BAC Home Loan Servicing<br>Rental property<br>2417 Illinois St.<br>Kenner, LA 70062 | 4,064.00 | Pro Rata | Included | 4,064.00 |

c.    Priority Claims under 11 U.S.C.§507. Payments to priority claimants will be made after payments to administrative claimants, paragraph 4(a) above and Secured claimants under paragraph 4(b), unless otherwise indicated:

| Name | Amount of Claim | Monthly payment / Months of Payment | Int Rate | Total Payments |
|---|---|---|---|---|
| IRS | 6,921.00 | Pro Rata | Included | 6,921.00 |
| LA Department of Revenue | 32.00 | Pro Rata | Included | 32.00 |
| Phillip D. Rubins | 1,200.00 | Per G.O. 2011-1 | ------ | 1,200.00 |

d.    Unsecured Claims. No amounts will be paid on unsecured claims until plan payments under paragraphs 4(a)-(c) are satisfied., After payments to claimants in class 4(a)-4(c) have been satisfied, any additional monies available for distribution shall be paid, *pro rata* based on the individual claim included in class 4(d) divided by the total amounts owed to class 4(d). At the time of confirmation, it is estimated that claimants in this class will receive distributions equal to $ __$1,116.00__ or __100%__ of their allowed claims. Actual distributions may vary depending on changes in Debtor's disposable income over the life of the plan, the amount of allowed unsecured nonpriority claims, the amount and ranking of secured, priority and administrative claims. However, general nonpriority unsecured claims shall be paid no less than __$1,116.00__ in aggregate over the life of the plan.

5.    All payments to Trustee are to be made directly by __X__ Debtor ___ Wage order
Payments to ____ (secured or priority creditor(s)) shall be made by __ Wage deduction __ Debtor __ bank draft __ other

6.    All executory contracts are rejected except the following which are assumed:

| Name | Description of Contract |
|---|---|
| -NONE- | |

7. Property to be surrendered:

| Property description | Creditor |
|---|---|
| **-NONE-** | |

8. Other:

Case 13-12747 Doc 91 Filed 10/22/14 Entered 10/22/14 15:35:46 Main Document
Page 3 of 10

GENERAL PROVISIONS

As used, the term "Debtor" shall include both Debtors in a joint case.

The effective date of this plan shall be the date of entry of the Order of Confirmation; modifications to the plan shall become effective upon entry of an order approving same.

The Order of Confirmation, or any subsequent order of the Court supercedes any provision of the plan which is in conflict.

All plan payments by Debtor shall be payable to S.J. Beaulieu, Jr., Chapter 13 Trustee, or his successor in interest ("Trustee"), and must include Debtor's name and case number. They must be mailed to S. J. Beaulieu, Jr., Chapter 13 Trustee, at the address designated by him or his successor in interest and as published on the Trustee's website.

Except as otherwise provided by the plan or order of the Court, Trustee shall only make payments to allowed claimants.

Creditors who have co-signers, co-makers, or guarantors ("Co-Obligors") and for whom this plan provides full payment of the amounts contractually due are enjoined from collection under 11 U.S.C. §1301, and upon completion of the plan shall constitute full payment of the debt as to Debtor and any Co-Obligors.

All scheduled property of the estate existing at confirmation shall vest in and be retained by Debtor. Unscheduled property or property acquired after confirmation shall remain vested in the estate. Upon the disposition of any rights in property of the estate belonging to Debtor on the petition date or acquired thereafter, the proceeds or benefits received shall be:

   a. Retained by Debtor if from the disposition of exempt property; or
   b. If not exempt, remitted to Trustee to be administered in accord with the plan or further order of the Court.

On completion of the plan, all prepetition claims provided for by the plan or disallowed under 11 U.S.C.§502 shall be discharged except as provided by 11 U.S.C.§1328 or the plan.

Confirmation of the plan does not constitute a waiver or admission by Debtor or any party in interest regarding the validity or amount of any claim provided for by the plan. Debtor and Trustee specifically reserve the right to object to any claim, whether or not said claim was filed at the time of confirmation or after confirmation.

Secured Claimants

Allowed secured creditors shall retain their mortgage, lien or security interest in collateral until completion of the payments due under the plan. To the extent the plan provides for the cure of prepetition defaults on a secured claim but provides that the unmatured prepetition amounts owed shall be payable beyond the term of the plan, the secured claimant shall retain its lien to secure the repayment of the prepetition default as provided by the plan. On completion of the plan's terms, the prepetition default shall be deemed cured, the loan will be current, and all claims to cure shall be released both *in personam* and *in rem*. Except as provided by the plan, the allowed secured claim shall be reduced to the unmatured portion of debt that extends beyond the discharge date and the claimant's lien shall be retained to secure only that obligation unless otherwise modified by court order or Federal Rule of Bankruptcy Procedure 3002.1. Claimants holding claims payable under 4(b)(2)(b) shall release and cancel from the public records any lien, writ, notice of seizure or encumbrance over property of Debtor or estate which was created by virtue of an action to collect the claim.

For an allowed secured claim payment of which does not extend beyond the plan completion date (payable entirely through the plan), upon payment of the allowed secured claim, the security interest over Debtor's property shall be cancelled. Upon completion of the plan, claimants holding claims payable under 4(b)(1) shall release and cancel from the public records any lien, writ, notice of seizure or encumberance over property of Debtor or estate which secures or was created by virtue of an action to collect the claim.

Debtor may modify the interest rate or other terms of repayment on a secured claim without separate objection and through the provisions of this plan. However, Debtor may not reduce the secured amount claimed or challenge the secured status of the claimant except by separate objection to the claim. Confirmation of the plan does not constitute a waiver or admission by Debtor or any party in interest regarding the validity or amount of any claim provided for by the plan. Debtor specifically reserves in his favor and that of Trustee the right to object to any claim, whether or not said claim was filed at the time of confirmation or after confirmation.

To the extent that this plan proposes to surrender property to a claimant with a security interest in same, upon confirmation of the plan, Debtor will notify the secured claimant (at the address specified on its proof of claim) of the location of the collateral and take steps reasonably necessary to assist the secured claimant in its collection. Upon confirmation, Debtor shall immediately discontinue use of the collateral. Debtor shall continue to insure all surrendered collateral until the earlier of 30 days following confirmation or the taking of possession by creditor or its agent. Debtor shall not be responsible for any damages or depreciation in value to the collateral except

to the extent caused by Debtor's use post-confirmation, fault or gross negligence. Upon confirmation, the stay imposed by 11 U.S.C. §362 shall be lifted as to all surrendered property so as to permit creditors holding security interests in same to pursue rights in the property. Unless otherwise provided in the plan, a surrender shall entitle the secured claimant to file an unsecured deficiency claim if due. If a deficiency claim is allowed, distributions will be payable to the claimant on a pro rata basis with other claimants in its class from the date of the filing of the deficiency claim only. Deficiency claimants will not be entitled to equalizing distributions based on prior payments made to the class.

Unless ordered otherwise, Trustee shall cease making disbursements to any secured claimant on its secured claim after an order lifting the stay imposed by 11 U.S.C. §362(a) is entered or a plan that surrenders the collateral to the secured claimant is approved.

During the term of the plan, secured creditors may continue to send Debtor notices, statements or other written information on the status of direct, monthly post-confirmation payments. However, demand letters are not permitted nor may secured claimants invoice or provide informational statements as to accrued, but unapproved, charges allegedly due, except under the procedures outlined in the Federal Rules of Bankruptcy Procedure or Local Rules of the Court.

If a secured claimant proposes under the terms of its note or security instrument to change the amount of any direct payments made by Debtor, the claimant shall give written notice of the change to Debtor, Debtor's counsel and Trustee along with appropriate documentation explaining the reason for the adjustment in accordance with the Federal Rules of Bankruptcy Procedure. To the extent the secured creditor claims a right to receive any postpetition charges or fees under the terms of its contract with Debtor, it must comply with the Federal Rules of Bankruptcy Procedure regarding same or they will be discharged on completion of the case and Debtor shall be released both *in rem* and *in personam* from the claim.

Unless otherwise ordered by the Court, all payments received by the secured creditor from Trustee shall be applied to reduce the amounts reflected on the creditor's proof of claim for sums due and payable prepetition. All amounts paid directly by Debtor to the secured creditor will be applied to outstanding interest accrued since the filing date, Debtor's escrow account or principal. In the event a secured creditor believes it is entitled to additional postpetition charges or fees, it must seek approval for same in accordance with the Federal Rules of Bankruptcy Procedure prior to imposing any charge or fee against Debtor's account.

## Plan Reconciliation With Form B22C

| | |
|---|---:|
| Monthly disposable income reflected on B22C (line 59): | $-350.32 * |
| Add: | |
| Deductions for future debt payments payable through the plan (line 47): | $0.00 |
| Deductions for other secured claims payable through the plan (line 48): | $0.00 |
| Payments on prepetition priority claims (line 49): | $0.00 |
| Chapter 13 administrative expenses (line 50): | $0.00 |
| **Total adjusted monthly disposable income:** | $-350.32 |
| **Disposable Income as reflected on Schedule I & J** (Add expenses payable by Trustee or on claims subject to surrender or sale) | $511.45 |
| Monthly Projected Disposable Income provided by Plan | $488.02 |

*Debtor avers that monthly disposable income as calculated on B22C should be adjusted to reflect the following:

Date  10/22/14           Signature  James T. Gregory
                                    Debtor

Date  10/22/14           Signature  Dietrich Gregory
                                    Joint Debtor

# PLAN CALCULATION

| | |
|---|---|
| Secured | $ 5,000.00 – Springleaf |
| | $ 6,005.00 – Arrears to AMS |
| | $11,000.00 – Canopy |
| | $ 4,064.00 – Arrears to Bank of America |
| | |
| Priority | $ 6,921.00 – IRS |
| | $     32.00 - State |
| | |
| Administration | $ 1,200.00 - Payment to Phillip Rubins (General Order 2011-1) |
| | $ 1,981.00 - Attorney Fees |
| | |
| Unsecured | $ 1,116.00 – 100% (estimated) |

$37,319.00
$ 2,612.33 - 7% Trustee Commission

$39,931.33 - Total to be paid over 60 months

**PLAN TERMS**
**100% (estimated) - 60 months, in payments of $1,216.07 per month for 4 months, payments of $1,378.08 per month for 3 months, payments of $1,501.54 per month for 5 months, and payments of $488.02 per month for the remaining 48 months of the plan.**

DEBTOR(S) Gregory Jones    CASE NO. 13-12747   FORM DATE: 07-01-10
          Amended
          LIQUIDATION ANALYSIS WORKSHEET

**I. CALCULATION OF NET LIQUIDATION AMOUNT**

REAL ESTATE (SCH A OR BFO WHICH HAS TO BE WITHIN 2 YEARS)
[1] 190,000  [2] 120,000  [3] _____

MARKET VALUE (MV) OF REAL ESTATE LESS 10% (6% SALES COMMISSION + 4% CLOSING COST) (MV x .90) =
[1] 171,000  [2] 135,000  [3] _____

EXE. ___ ON REAL ESTATE (SCH C) =
[1] 36,000   [2] _____  [3] _____

LESS ___ ON REAL ESTATE (SCH D) =
[1] 260,000  [2] 134,000  [3] _____

LINE TOTAL a – [1]c – [1]
[1] 0   [2] 1,000   [3] _____          = [1] 1,000

**II. CALCULATION OF NET LIQUIDATION ON SUCCESSION**

AMOUNT OF SUCCESSION (LINE 20 ON SCH D) = d
[1] ____  [2] ____
(MV OF SUCCESSION INTEREST LESS MTG & HOMESTEAD EXEMPTION (ONLY IF ONE PARENT IS LIVING)

LESS, COST OF OPENING SUCCESSION ($3,100.00) X'S DEBTOR(S) PORTION INTEREST = (f)
[1] _____  [2] _____

LINE TOTAL d – [e]( = [2]
[1] _____  [2] _____                   = [2] _____

**III. CALCULATION OF NET LIQUIDATION ON REMAINING ASSETS (SCH B)**
    [SCH B]    LESS EXEMPTION (SCH C)   MINUS MTG (SCH D)    45
LINE 1 THRU 3 _____                                        700
LINE 4 THRU 8 _____
LINE 9 THRU 19 _____
LINE 20 _____
LINE 22-24   2006 Nissan – 600 – 692 = 2500     0
             1990 Old Cutlass 500 – 0           500
LINE 25
LINE 26
ADD a+f+g+h+i+j+k = [3]                         = [3]  645
TOTAL OF NET LIQUIDATION OF ESTATE [ADD 1+2+3]  = [4] 1,645

LESS THE TRUSTEE FEE
25% OF THE FIRST $1,000.00
10% OF THE FIRST $1,000.01 TO 30,000.00                = 411.25
3% OF THE FIRST $30,000.01 TO 999,999.99
REASONABLE COMPENSATION NOT TO EXCEED 3% OF THE AMOUNT OVER $1,000,000.00 = 0

ADD 1+m+n+o+p = [5]                          = [5] 1,233.75

LINE 4 LESS LINE 5 = [6]                     = [6] _____

LINE 6 LESS ___% ADMINISTRATIVE COST (LINE 6 x .39) = [7]   = [7] _____

IF LINE 7 IS LESS THAN $1,100.00 LIQUIDATION IS ZERO.

IF LINE 7 IS MORE THAN $1,100.00 PROCEED

LINE 7 LESS PRIORITY (SCH E)  7,050  = [8]       = [8] _____

DISCOUNT RATE X FACTOR DEPENDS ON THE TERM OF THE PLAN (SEE CHART)   = [9]  0
LINE 8 X (CHART VALUE) = [9]

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | JAMES T. GREGORY | CASE NO. 13-12747 |
| | DIETRICH GREGORY | SECTION A |
| | DEBTORS | CHAPTER 13 |

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **THIRD MOTION TO MODIFY CONFIRMED PLAN OF REORGANIZATION, AND AMEND SCHEDULE J**, the **Modified Plan,** and the **Notice of Hearing** were served on the 22nd day of Oct, 2014 by ELECTRONIC FILING through the court's electronic filing system upon:

Chapter 13 Trustee, S.J. Beaulieu      ecf@ch13no.com

United States Trustee                  USTPRegion05.NR.ECF@usdoj.gov

and by First Class Mail, Postage Prepaid on the attached list of creditors.

Phillip D. Rubins
4051 Veterans Memorial Blvd
Suite 305
Metairie, LA 70002
(504) 454-7763
(#17779)

```
                                 ncrs_addresses[4]
Case Number:  13-12747

13-12747|Bank of America, N.A. as servicing agent for|Shapiro and Daigrepont|3510 N.
Causeway Blvd.|Suite 600|Metairie, La 70002-3540||
13-12747|Canopy Construction, LLC | ||||undeliverable
13-12747|Collector of Revenue |City of New Orleans|City Hall Annex|New Orleans, LA
70112 |||
13-12747|Delinquent Accounts Unit |La. Department of Labor|Office of Regulatory
Services|P.O. Box 44127|Baton Rouge, LA 70804-4127 ||
13-12747|Louisiana Department of Revenue |Collection Division/Bankruptcy Section|P.
O. Box 66658|Baton Rouge, LA 70896-6658 |||
13-12747|THE BANK OF NEW YORK MELLON TRUST COMPANY, N| ||||undeliverable
13-12747|U. S. Attorney's Office |Eastern District of Louisiana|650 Poydras
Street|Suite 1600|New Orleans, LA 70130-7212 ||
13-12747|United States Bankruptcy Court|Eastern District of Louisiana|Hale Boggs
Federal Building|500 Poydras Street, Suite B-601|New Orleans, LA 70130-3319||
13-12747|AMS Servicing, LLC |3374 Walden Ave.|Suite 120|Depew, NY 14043-2437| ||
13-12747|Alpat Company, Inc. |P.O. Box 1689|Slidell, LA 70459-1689| |||
13-12747|BAC Home Loan Servicing |Attn: Bankruptcy|6750 Miller Rd.|Brecksville, OH
44141-3262| ||
13-12747|BAC Home Loans |P.O. Box 650070|Dallas, TX 75265-0070| |||
13-12747|Canopy |601 Bark Drive|Harvey, LA 70058-4131| |||
13-12747|Canopy Construction |c/o NCS|729 Milner Rd|Highland Heights, OH 44143| ||
13-12747|Canopy Construction, LLC |c/o Mark C. Landry|22 Veterans Blvd.|Metairie,
LA. 70005| ||
13-12747|Dean Morris, LLP |P.O. Box 2867|Monroe, LA 71207-2867| |||
13-12747|INTERNAL REVENUE SERVICE|CENTRALIZED INSOLVENCY OPERATIONS|PO BOX
7346|PHILADELPHIA PA 19101-7346|||preferred
13-12747|Jefferson Capital Systems LLC |PO BOX 7999|SAINT CLOUD MN 56302-7999| |||
13-12747|Jefferson Capital Systems, LLC |P.O. Box 7999|Saint Cloud, MN 56302-7999|
|||duplicate
13-12747|LA Department of Revenue |P.O. Box 66658|Baton Rouge, LA 70896-6658| |||
13-12747|Phillip D. Rubins |4051 Veterans Blvd.|Suite 305|Metairie, LA 70002| ||
13-12747|Quantum3 Group LLC as agent for |MOMA Funding LLC|PO Box 788|Kirkland, WA
98083-0788| ||
13-12747|Recovery Management Systems Corporation |25 S.E. 2nd Avenue, Suite
1120|Miami, FL 33131-1605| |||
13-12747|SPRINGLEAF FINANCIAL SERVICES|P O BOX 3251|EVANSVILLE IN
47731-3251||||preferred
13-12747|Shapiro and Daigrepont |3510 N. Causeway Blvd.|Suite 600|Metairie, LA
70002-3540| ||
13-12747|SPRINGLEAF FINANCIAL SERVICES|P O BOX 3251|EVANSVILLE IN
47731-3251||||preferred duplicate
13-12747|SPRINGLEAF FINANCIAL SERVICES|P O BOX 3251|EVANSVILLE IN
47731-3251||||preferred duplicate
13-12747|SPRINT NEXTEL CORRESPONDENCE|ATTN BANKRUPTCY DEPT|PO BOX 7949|OVERLAND PARK
KS 66207-0949|||preferred
13-12747|THE BANK OF NEW YORK MELLON TRUST COMPANY, N|c/o Dean Morris, L.L.P.|1820
Avenue of America|P.O. Box 15270|Monroe, Louisiana 71207-5270| |
13-12747|Dietrich Gregory |2624 Oakmere Dr.|Harvey, LA 70058-5037||||
13-12747|James T. Gregory |2624 Oakmere Dr.|Harvey, LA 70058-5037||||
13-12747|Office of the U.S. Trustee |400 Poydras Street|Suite 2110|New Orleans, LA
70130-3238|||
13-12747|Phillip D. Rubins |4051 Veterans Memorial Boulevard|Suite 305|Metairie, LA
70002-5584|||
13-12747|S. J. Beaulieu Jr.|433 Metairie Road|Suite 307|Metairie, LA 70005-4326|||

Total Labels 34
```